**JIN QING GAO, Petitioner,**

v.

**USDOJ, Alberto Gonzales, Attorney General, Respondents.**

No. 06–1201–ag.

United States Court of Appeals, Second Circuit.

Nov. 2, 2006.

David X. Feng, New York, New York, for Petitioner.

Steven I. Loew, Assistant United States Attorney (Charles T. Miller, United States Attorney for the Southern District of West Virginia, on the brief), Charleston, West Virginia, for Respondents.

PRESENT: Hon. WALKER, Hon. JOSÉ A. CABRANES, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Jin Qing Gao, a native and citizen of the People's Republic of China, seeks review of a February 16, 2006 order of the BIA affirming the July 2, 2002 decision of Immigration Judge ("IJ") Brigitte LaForest denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin Qing Gao,* No. A77 340 977 (B.I.A. Feb. 16, 2006), *aff'g* No. A77 340 977 (Immig. Ct. N.Y. City July 2, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). When the BIA adopts and supplements the IJ's decision, this court will likewise review the decision of the IJ, as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Even where an adverse credibility finding is based, in part, on flawed grounds, remand is not required if the court can "confidently predicted" that the IJ would have reached the same conclusion absent the error. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 162 (2d Cir.2006). In this case, although the BIA may have erred in finding that Gao's testimony regarding the date he discovered his girlfriend's pregnancy was inconsistent, remand would be futile. The IJ correctly determined that Gao offered inconsistent accounts of when the abortion occurred, when the police first went to his home, whether his girlfriend was ever detained at the hospital, and whether he saw his girlfriend in China after the abortion. Since these inconsistencies relate to material elements of Gao's claim that he suffered past persecution, it can confidently be predicted

**398**

that the IJ would affirm her adverse credibility determination, and reiterate her rejection of petitioner's claim that he suffered past persecution, on remand.

Nor has Gao demonstrated a well-founded fear of future persecution. He did not raise his argument that Chinese citizens of Han descent are subject to a particular risk of persecution before the BIA, and we now hold it waived. 8 U.S.C. § 1252(d)(1); see *Foster v. INS*, 376 F.3d 75, 77–78 (2d Cir.2004) (per curiam).

Finally, because Gao's withholding and CAT claims are based upon the same facts the IJ deemed that Gao had not credibly demonstrated in his asylum application, those claims also necessarily fail. See *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006) (noting that "where a withholding claim is based on the very fact, or set of facts, that the IJ found not to be credible, that an adverse credibility ruling will ... [often] preclude the withholding claim").

Accordingly, the petition for review is **DENIED,** any stay of removal that the court previously granted in this petition is **VACATED,** and any pending motion for a stay of removal in this petition is **DENIED** as moot. Any pending request for oral argument in this petition is **DENIED** in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).